Derbigny, J.
, delivered the opinion of the ..... . court, this suit, though carried on separately, is only an incident of the preceding. The plain-1 1 ' tiff, claiming to be the owner of the slave seized, applied for, and obtained an injunction *412 staying the sale, which injunction was, after the • . . , J ’ trial, uimls perpetual,
A question arose on this application which made Tessier’s claim appear doubtful. His bill of sale from Knight, the defendant’s vendee, was a private one, and had been recorded by himself in the book which he kept for such purposes, as parish judge. Is this such a sale as could affect the rights of third persons ? We are of opinion that it is. The object of recording a private bill of sale is to give public notice of its existence. Surely the notary may as well give such notice of his own acts as of those of others : at least, we see no good reason why he should not; principally where it is not possible for him to have it done by another, as is the case with parish judges.
The seizure of the slave, sold to Tessier, and in his actual possession, could not take place without a previous judgment against the mortgagor, and previous notice, according to law, to the third possessor, who had then a right to make his election between paying the amount of the judgment, and abandoning the slave.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court Be affirmed with costs, reserving, however* to the *413 piíf.aííon.
Jiaybin for the plaintiff. Turner for the de-dan?.